

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                    Case No. 1:04-CR-58-01-JEC

**MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE**
**Defendant's Attorney:**
**RICHARD A. GROSSMAN**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) ONE of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. § 1344 | bank fraud | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $ 100 which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.     6467            Date of Imposition of Sentence: NOVEMBER 1, 2004
Other SS# used: 6579
Defendant's Date of Birth:     1975 Other DOBs used: 1978 & 1956
Defendant's Mailing Address:
LAWRENCEVILLE, GEORGIA 30045

Signed this the ___29___ day of NOVEMBER, 2004.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

1:04-CR-58-01-JEC : MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FIFTEEN (15) MONTHS**.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends to the Bureau of Prisons: that the defendant be designated to an appropriate level facility in or as near Atlanta, Georgia as possible.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:04-CR-58-01-JEC : MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE
## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**. While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

**Upon release from imprisonment, the defendant shall be turned over to a duly authorized Bureau of Immigration and Custom Enforcement official for appropriate removal proceedings from the United States. Should the defendant be given bond by BICE or otherwise released after the completion of the imprisonment portion of his sentence, the defendant shall report to the Northern District of Georgia, within 72 hours of release from custody, for this Court to impose specific conditions of supervised release. Defendant's failure to comply will result in the Court revoking his supervised release. The United States Probation Office shall monitor defendant's release status.**

1:04-CR-58-01-JEC : MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

1:04-CR-58-01-JEC : MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE

9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

The defendant shall make restitution to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
| --- | --- |
| MORGAN STANLEY | $41,000 |

THE DEFENDANT SHALL MAKE RESTITUTION PAYMENTS FROM ANY WAGES HE/SHE MAY EARN IN PRISON IN ACCORDANCE WITH THE BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM. ANY PORTION OF THE RESTITUTION THAT IS NOT PAID IN FULL AT THE TIME OF THE DEFENDANT'S RELEASE FROM IMPRISONMENT SHALL BECOME A CONDITION OF SUPERVISION AND BE PAID AT THE MONTHLY RATE OF $500. THE DEFENDANT SHALL MAKE RESTITUTION PAYMENTS TO MORGAN STANLEY JOINTLY AND

1:04-CR-58-01-JEC : MAMADEE KEITA, aka MAMADEE BINTU KEITA (BIRTH NAME), JOSEPH COLE SEVERALLY WITH CHARLES ANKRAH (1:04-CR-59-CC) AND SHADRACK NEYOR (1:04-CR-10-RWS).